UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| B LUXE, Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| ) | |
| B LUXE AESTHETICS LLC, and ) | |
| BIANCA JACQUELINE PARAISON ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff B LUXE, Inc. dba b. LUXE Hair and Makeup Studio ("b.LUXE"), by and through its attorneys, states the following for its Complaint against Defendants B LUXE AESTHETICS, Inc. and BIANCA JACQUELINE PARAISON ("Defendants"):

## NATURE OF THE ACTION

1. This is an action at law and in equity for trademark infringement, unfair competition, and deceptive trade practices arising under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051 et seq. (the "Lanham Act"), M.G.L. c. 93A, §11, and Massachusetts common Law.

2. Plaintiff b.LUXE has extensively used the coined term B. LUXE as a trademark in connection with its beauty and cosmetics services, since 2011. Plaintiff b.LUXE's mark B. LUXE is the subject of a federal registration and is known among consumers as an indicator of the quality and source of Plaintiff b.LUXE's beauty services.

3. Plaintiff has also been using marks containing the element B. LUXE in commerce, in connection with beauty and cosmetic services, including but not limited to B.LUXE HAIR & MAKEUP and B.LUXE HAIR AND MAKEUP STUDIO.

4. Well after Plaintiff b.LUXE's services provided in connection with Plaintiff's registered B. LUXE mark and other marks with the element B. LUXE (collectively "Plaintiff's marks") were firmly established in the beauty and cosmetics industry, Defendants began using the confusingly similar marks B LUXE, B LUXE AESTHETICS, and B LUXE BOX ("the unauthorized B LUXE marks") to designate its own beauty and cosmetic services and products.

5. Defendants use the unauthorized B LUXE marks in connection with services and products that are related to Plaintiff b. LUXE's services.

6. The unauthorized B LUXE marks used by Defendants are marketed to the same or similar customers as those of Plaintiff b. LUXE, in overlapping channels of trade.

7. On information and belief, Defendants' use of the unauthorized Marks is an intentional effort to mislead and confuse consumers and the public and to trade on Plaintiff b. LUXE's goodwill in its marks.

**PARTIES**

8. Plaintiff b.LUXE is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, having its principal place of business at 165 Main Street, Suite 208, Medway, MA 02053.

9. Defendant B LUXE AESTHETICS LLC is a limited liability company organized and existing under the laws of the Commonwealth of Massachusetts, having its principal place of business at 415 Concord Ave., Belmont, MA 02478.

10. Defendant Bianca Jacqueline Paraison, on information and belief, resides at 89 Monument Street, Medford, MA 02155.

## JURISDICTION AND VENUE

11. The Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1338(b) and 15 U.S.C. § 1121. The Court has supplemental jurisdiction over the state law claims here alleged because these claims are so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy as provided in 28 U.S.C. § 1367.

12. Venue and personal jurisdiction are proper in this Court pursuant to 28 U.S.C. § 1391. On information and belief, each of Defendants resides in and is doing business in this district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**B LUXE and Its Marks**

13. Plaintiff b.LUXE owns a federal registration for the mark B. LUXE, in connection with providing on-site beauty services, namely, hair styling and make-up application services, in International Class 44 (Reg. No. 5,500,238).

14. Plaintiff b. LUXE has used the B. LUXE mark in connection with beauty and cosmetic services, specifically the services listed in its registration, since at least as early as September 2011.

15. Plaintiff's federal registration for the mark B. LUXE issued on June 26, 2018. The B. LUXE registration is currently in full force and effect. A copy of the B. LUXE registration certificate is attached hereto as Exhibit 1.

16. Since 2011, Plaintiff has been advertising, marketing, and providing its beauty and cosmetic services using the B. LUXE mark to the consuming public in interstate commerce.

17. The B. LUXE mark has become, and is widely and generally known, to the consuming public and the beauty and cosmetic services trade and has acquired significant meaning as a symbol of Plaintiff's goodwill in the industry.

18. The B. LUXE mark has become extremely valuable to Plaintiff in its business and has become known to the public as the exclusive trademark identifying Plaintiff's beauty and cosmetic services.

**Defendants' Unlawful Activities**

19. Upon information and belief, each of Defendants and its agents, servants, and employees had actual knowledge, at the time of the acts hereinafter complained of, of the valuable nature of Plaintiff b.LUXE's marks, and of the fact that the marks are owned and used exclusively by Plaintiff to identify only Plaintiff b.LUXE's beauty and cosmetic services.

20. Upon information and belief, long after Plaintiff b.LUXE's adoption and use of Plaintiff's B. LUXE marks in interstate commerce, and without Plaintiff's authorization, Defendants, with actual and constructive knowledge of Plaintiff's use of the B. LUXE marks and in contravention of Plaintiff's trademark rights, adopted and used the designation B LUXE in connection with certain beauty and cosmetic services and products, and each of the Defendants has offered and continues to offer, for sale to the public in interstate commerce, beauty and cosmetic services bearing the designation B LUXE.

21. The designation B LUXE, as used by Defendants in each of the unauthorized B LUXE marks, so resembles Plaintiff b.LUXE's trademark B. LUXE and other of Plaintiff's B. LUXE

marks, so as to be likely, when applied to Defendants' services, to cause confusion and/or to cause mistake and/or to deceive.

22. Upon information and belief, Defendants only recently began using the designation B LUXE and variations, including that designation as a trademark for their services and products, placing unauthorized B LUXE marks on collateral and signage (electronic and physical) and on certain goods, so as to associate the name in the consumer's mind with each of Plaintiff's marks and leaving the impression with the consuming public that the services and goods of Defendants originate with, are produced by, are licensed by, or are sponsored in some way by Plaintiff, when, in truth and fact, Plaintiff does not now have, nor has it ever had, any connection with the manufacture or sale of the services or goods of Defendants; nor has Plaintiff ever provided services or produced goods for Defendants; nor has Plaintiff ever licensed or approved Defendants' use of the designation B LUXE.

23. Prior to the commencement of this action, Plaintiff duly advised Defendants by a letter dated May 10, 2018, of Plaintiff's claims with respect to Defendants' use of the B LUXE designation. A true and correct copy of this letter is attached hereto as Exhibit 2. However, upon information and belief, Defendants are continuing to use the designation B LUXE and will continue to do so in the future unless enjoined by this Court.

24. Upon information and belief, subsequent to Plaintiff b.LUXE's notification to Defendants of Plaintiff's exclusive federal and state rights to the B. LUXE mark, Defendants continued and expanded their use of the unauthorized B LUXE marks.

25. Upon information and belief, the use of the designation B LUXE by Defendants as aforesaid was done, and continues to be done, with the purpose of: injuring Plaintiff; deceiving,

misleading, imposing upon, and confusing the public in general; depriving Plaintiff of its trade; obtaining the benefit of Plaintiff's reputation, goodwill, and advertising; and inducing the public to believe that Defendants are connected with Plaintiff, and/or to believe that Defendants' business is authorized by Plaintiff, and/or to believe that Plaintiff has authorized Defendants to use the designation B LUXE.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT

26. Plaintiff repeats and incorporates by reference the allegations of each of the paragraphs above as if fully set forth herein.

27. Upon information and belief, the purchasing public will likely be, and has been, confused and deceived into believing that Defendants' services and products, bearing the designation B LUXE, is part of Plaintiff's business and/or is a service or product authorized by Plaintiff, and/or that the services and goods originating from Defendants are of the same quality as the beauty and cosmetic services and products of Plaintiff.

28. Upon information and belief, Plaintiff's beauty and cosmetic services and products bearing its federally registered trademark B. LUXE, and those bearing the other of Plaintiff's B. LUXE marks, travel through the same trade channels, are offered for sale to the public through the same retail outlets, and are purchased by the same class of customers as Defendants' beauty and cosmetic services and products that bear the designation B LUXE.

29. Plaintiff's B. LUXE trademarks and each of Defendants' unauthorized B LUXE marks are virtually identical marks in sound and appearance, and they leave the same commercial impression on the public. The phonetic and visual similarities of the two marks and the

similarities of the type of services and goods, namely beauty and cosmetic services and products, increase the likelihood of public confusion.

30. The common portion "B LUXE" common to both Plaintiff's marks and Defendants' unauthorized B LUXE marks is the prominent element of each.

31. Any additional portions in each of Defendants' uses of the designation B LUXE is relatively inconspicuous, common, descriptive, or generic.

32. Plaintiff's B. LUXE marks are well-known in the field of beauty and cosmetic services.

33. Because the added components of Defendants' unauthorized B LUXE marks include inconspicuous and common words, added to a dominant inherently-distinctive common portion that is a well-known mark, differences and additions in Defendants' designations aggravate confusion by suggesting to consumers that the Defendants' designations are a "spin-off" or otherwise connected to Plaintiff.

34. Defendants provide services including beauty and cosmetic services, specifically aesthetics.

35. Defendants provide aesthetics services, and aesthetic services are typically provided at beauty salons. Aesthetics involve outward beauty and skin care.

36. On information and belief, aesthetic services are provided throughout Massachusetts and nationally at many beauty salons that also provide hair styling and/or makeup application services.

37. The services listed on Plaintiff's registration for the mark B. LUXE are on-site beauty services, namely, hair styling and make-up application services.

38. Plaintiff has been providing hair styling and make-up application services in connection with Plaintiff's B. LUXE marks in interstate commerce since September 2011.

39. Plaintiff recently began offering aesthetics services in the form of microblading in connection with its B. LUXE marks, and has thereby extended its services to include aesthetics services.

40. The types of services offered by Defendants, including aesthetics and skin care services, are a natural extension of the services listed in Plaintiff's registration.

41. The services and products offered by Defendants, including aesthetics and skin care services and products, are complementary services and products in relation to the services listed in Plaintiff's registration and in relation to the hair styling, make-up, and microblading services provided by Plaintiff in connection with its B. LUXE marks.

42. Hair styling, make-up application, and aesthetics all are types of cosmotology services, requiring licensing from the same entity, namely the Massachusetts Board of Cosmetology and Barbering Services Administration.

43. On information and belief, Defendants provide their services in and/or co-located with a hair salon, sharing the same address at 415 Concord Ave., Belmont, MA 02478.

44. The classes of purchasers of the hair and make-up services provided by Plaintiff in connection with its registered B. LUXE mark, which are also those listed in Plaintiff's registration, overlap with the purchasers of the services and products provided by Defendants in connection with its B LUXE designation.

45. Given the foregoing facts, there is a likelihood of confusion between Plaintiff's B. LUXE marks and Defendants' unauthorized B LUXE marks.

46. By reason of all of the foregoing circumstances as described herein, Plaintiff has been, and now is, and, unless the relief herein prayed for is granted, will hereafter be hindered, annoyed, and unlawfully interfered with by Defendants' use of the designation B LUXE upon their beauty and cosmetic services and products, and will be irreparably damaged and will suffer great and irreparable loss by the diversion of its customers and trade. Plaintiff cannot obtain relief except in this Court by injunction against future infringement.

47. Defendants' acts are in violation of 15 U.S.C. § 1114(1).

## COUNT II

## FEDERAL UNFAIR COMPETITION

48. Plaintiff repeats and incorporates by reference the allegations of each of the paragraphs above as if fully set forth herein.

49. Upon information and belief, Defendants have, through their uses of the designation B LUXE, knowingly provided services in commerce and caused goods to enter into commerce, which services and goods bear a false designation of origin. This false designation of origin causes irreparable damage to Plaintiff and deceives the public.

50. By virtue of Defendants' actions as herein above pleaded, Defendants have engaged in unfair competition with Plaintiff, which is in contravention of 15 U.S.C. § 1125(a).

51. The conduct of Defendants as herein alleged has damaged Plaintiff and will, unless restrained, further impair, if not destroy, Plaintiff's trademark and goodwill, and Plaintiff has no adequate remedy at law.

## COUNT III

## STATE AND COMMON-LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

52. Plaintiff repeats and incorporates by reference the allegations of each of the paragraphs above as if fully set forth herein.

53. Defendants' unauthorized use of the B LUXE designation in connection with its products and services is likely to cause confusion or to cause mistake or to deceive consumers or potential consumers in violation of Massachusetts common law.

54. Plaintiff has been, is now and will be irreparably injured and damaged by Defendants' trademark infringement and unless enjoined by the Court, Plaintiff will suffer further harm to its trademarks, reputation and goodwill. This harm constitutes an injury for which Plaintiff has no adequate remedy at law.

## COUNT VI

## UNFAIR AND DECEPTIVE TRADE PRACTICES

55. Plaintiff repeats and incorporates by reference the allegations of each of the paragraphs above as if fully set forth herein.

56. Defendants are and have at all relevant times, engaged in commerce in Massachusetts.

57. Defendants' acts as described herein constitute unfair and deceptive acts and practices in violation of Massachusetts General Laws, Chapter 93A, Section 11.

58. Defendants' unfair and deceptive acts and practices occurred primarily and substantially in Massachusetts.

59. Defendants' acts described above were willful and knowing.

60. Plaintiff has been harmed and is entitled to damages and relief as set forth in Chapter 93A, Section 11.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays that:

(a) A judgment be entered for Plaintiff on all counts;

(b) A permanent injunction be entered restraining Defendants and their officers, directors, employees, agents, affiliates, successor and assigns and all those in privity or acting in concert with them, from:

(i) using the designation B. LUXE or B LUXE or any facsimile of Plaintiff's trademarks, alone or in combination with other words or symbols, in any manner, in the United States or in any foreign country, in connection with any part of the advertising, promoting, selling, labeling, and any and all other identifying of beauty or cosmetic services or products not of Plaintiff's manufacture or control;

(ii) using the designation B. LUXE or B LUXE or any facsimile of Plaintiff's trademarks, alone or in combination with other words or symbols, in any manner, in the United States or in any foreign country, which causes, or is likely to cause, purchasers to believe that any service or product of a Defendant is produced by Plaintiff, or has any connection with Plaintiff;

(iii) filing applications for registration of or registering any mark containing the element B. LUXE or B LUXE as a trademark in any city, county, or state or with the United States or any foreign country;

(iv) representing to the public, directly or indirectly, that the services or products that Defendants provide are the services or products of Plaintiff;

   (v) unfairly competing with Plaintiff by using the designation B. LUXE or B LUXE or any facsimile of Plaintiff's trademarks in the marketing of any of Defendants' services or products;

   (vi) injuring Plaintiff's business reputation and diluting the distinctive quality and value of Plaintiff's trademarks through the use of its designation B. LUXE or B LUXE or any other designation that is confusingly similar to Plaintiff's trademarks in any manner whatsoever in the marketing of any of Defendants' services or products.

  (c) Defendants be enjoined and directed to file with this Court and serve on Plaintiff, within a set period of time not to exceed ten (10) days from the order, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction.

  (d) Defendants be enjoined and required to deliver up to Plaintiff all labels, containers, devices, literature, advertising, and other materials bearing the infringing and/or diluting trademark.

  (e) Plaintiff be awarded the profits from Defendants' sale of services and products in connection with the unauthorized B LUXE marks.

  (f) Plaintiff be awarded its damages for the injuries it has received from Defendants' infringing use of Plaintiff's B. LUXE trademarks.

  (h) Plaintiff be awarded threefold damages pursuant to the statutory provisions of 15 U.S.C. § 1117, as permitted by 15 U.S.C. § 1125(c).

  (i) Plaintiff be awarded its attorneys' fees in view of the extraordinary nature of this case.

  (j) Plaintiff have and recover its costs in this suit.

(k) Plaintiff be awarded treble damages and attorneys' fees pursuant to Massachusetts General Laws, Chapter 93A, Section 11; and

(l) Plaintiff be awarded such other and further legal and equitable relief as the Court may deem just and appropriate.

Dated this 20th day of September, 2018.

Miele Law Group


____/s/ Janet P. Sistare_____
Janet P. Sistare (BBO#: 553098)
163 Main Street, Suite 6
Medway, MA 02053
(508) 321-7068
janet@mielelawgroup.com
tony@mielelawgroup.com

*Attorneys for Plaintiffs*